320 F.2d 622
 138 U.S.P.Q. 278
 HAMMERMILL PAPER CO., a corporation, substituted for Coast
Envelope Company, doing business as Coast Book
Cover Co., Appellant,
v.
The ARDES COMPANY, a corporation, Appellee.
 No. 18249.
 United States Court of Appeals Ninth Circuit.
 June 25, 1963, Rehearing Denied Aug. 1, 1963.
 
 A. Donham Owen, San Francisco, Cal., and Mason & Graham, and Collins Mason, Los Angeles, Cal., for appellants.
 Henry Gifford Hardy, San Francisco, Cal., for appellee.
 Before MADDEN, Judge of the Court of Claims, and HAMLEY and MERRILL, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 This patent infringement action, involving a check pad cover and binder device, was brought by the predecessor of Hammermill Paper Co., against The Ardes Company. Defendant denied infringement and challenged the validity of assertedly infringed Miller United States Patent No. 2,488,823, owned by plaintiff. Judgment was for defendant, the court holding that the Miller patent is invalid and that, in any event, it had not been infringed. Hammermill Paper Co. appeals.
 
 
 2
 We turn first to the question of the validity of the Miller patent. The district court held that this patent had been anticipated by, and lacked invention over, the prior art. Appellant, as it must do in order to overturn the adjudication of invalidity, contests both of these rulings.
 
 
 3
 The single claim of the Miller patent in suit is for a binder for checkbook fillers and the like, comprised of a combination of eight elements, as set out in the margin.[1] All of these elements, considered individually, were old in the art, as appellant concedes, but the patent was issued and is here defended on the theory that the patent claim sets forth a new combination and arrangement of these old elements which functions differently to perform a new and improved result.
 
 
 4
 The trial court found that the eight old elements of the Miller patent are shown in precisely the same combination, performing the same function with substantially the same result, in Bonnett British Patent No. 17,932, issued in 1893, and Rockwell United States Patent No. 1,106,891, issued in 1914. Neither of these prior art patents were cited by the Examiner during the course of the prosecution of the Miller patent. Unless, with respect to both the Bonnett and Rockwell patents, the trial court erred in so finding, the ultimate holding that the Miller patent is invalid must be sustained.
 
 
 5
 In contesting this finding that the combination of these eight old elements was anticipated by Bonnett and Rockwell patents, appellant points to the assertedly new combination of elements 5 and 8 of the Miller patent. (See note 1.) The point of novelty of the patented combination, appellant argues, is that the top wall of the metal binder element terminates in a downwardly disposed edge which intersects the side of the element in a taper. Appellant contends that neither the Bonnett or Rockwell patents disclose such a combination of the old elements.
 
 
 6
 Appellant concedes that the metal binder element of the Rockwell patent has its top wall terminating in a downwardly disposed edge. But it argues that the downwardly disposed edge of that patent does not intersect the side in a taper.
 
 
 7
 While there was evidence tending to support appellant's view, there was also substantial evidence to the contrary. Gordon Wood, defendant's expert witness, testified that the right hand edge of the 'clip' in the Rockwell patent is tapered, and 'that tapered portion continues down to the terminating edge which is disposed vertically relative to the base portion. * * *' He was cross-examined at length concerning this view but defended his position by referring to the patent drawings. An expert witness called by appellant testified, on cross-examination, to the obvious fact that when an edge which is cut on a bias or taper is bent downward vertically, it continues to form a taper. While this testimony was given in connection with the British Bonnett patent, the principle testified to is equally applicable to the Rockwell patent.
 
 
 8
 In view of this testimony we are unable to hold that the trial court erred in finding that the prior Rockwell patent embodies the same combination of a downwardly disposed edge intersecting the side in a taper. As before noted, this is the only assertedly novel combination of old elements which appellant relies upon in distinguishing its Miller patent from the Rockwell patent.
 
 
 9
 It follows that the trial court properly held that the claim of the Miller patent was anticipated by the prior art embodied in the Rockwell patent, and is therefore invalid. We do not reach the question of whether the combination of old elements represented by the Miller patent, if not fully anticipated, in any event lacked invention. Nor do we need to decide the question of infringement.
 
 
 10
 Affirmed.
 
 
 
 [1]
 (1) a cover sheet forming a back support for a filler,
 (2) and a filler retaining member carried by an end of the cover sheet,
 (3) said filler retaining member comprising a strip of resilient material bent to provide a substantially flat base portion
 (4) and an inwardly and downwardly curved outer end portion
 (5) terminating in a downwardly disposed end edge portion overhanging the base portion
 (6) a distance less than the thickness of the filler to be retained whereby to resiliently bear against and compress a filler against the base portion,
 (7) and means for securing the base portion to the cover sheet,
 (8) said end edge portion intersecting one of the side edges of the outer end portion in a taper.